*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 10a0117p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

RYAN HOOKS,

                *Petitioner-Appellant,*

      *v.*

MICHAEL SHEETS, Warden.

                *Respondent-Appellee.*

No. 08-4549

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 07-00520—Sandra S. Beckwith, District Judge.

Submitted: March 10, 2010

Decided and Filed: April 27, 2010

Before: MARTIN, SILER, and MOORE, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** Jill E. Stone, LAW OFFICE, Blacklick, Ohio, Spencer James Cahoon, OHIO PUBLIC DEFENDER'S OFFICE, Columbus, Ohio, for Appellant. Diane Mallory, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellee.

_____

**OPINION**

_____

SILER, Circuit Judge. On his convictions for possession with intent to distribute controlled substances, Ryan Hooks was sentenced to greater than minimum consecutive terms under Ohio law because he had served a prior prison term and the court concluded that the minimum sentence was insufficient. At the time, Ohio's sentencing law permitted the imposition of consecutive sentences only if the court made other factual findings. In *State v. Foster*, 845 N.E.2d 470 (Ohio 2006), the Ohio Supreme Court held that the sentencing provisions allowing for an increased sentence based on judicial fact finding were

1

unconstitutional under *Blakely v. Washington*, 542 U.S. 296 (2004). It corrected the problem by construing Ohio's sentencing provisions as advisory and providing trial courts with discretion to sentence anywhere between the statutory minimum and maximum. The appellate court remanded Hooks's case for re-sentencing in light of *Foster*. Hooks was re-sentenced to the same time and sought habeas corpus relief because he claimed being re-sentenced post-*Foster* violated his rights under the Due Process and Ex Post Facto Clauses of the United States Constitution. For the following reasons, we **AFFIRM**.

## BACKGROUND

In 2003, Hooks was charged with possessing a controlled substance in a two-count information, No. CR03-08-1232, with an additional count of possessing a controlled substance in a separate one-count information, No. CR03-08-1278, and in another one-count information, with possessing a controlled substance, No. CR03-10-1504. He pleaded guilty to all four charges.

He was sentenced in 2004, pursuant to the version of the Ohio Sentencing Code in effect at that time. Specifically, the Code required the trial judge to make specific factual findings to sentence offenders above the statutory minimum or to sentence an offender to consecutive rather than concurrent sentences. *See* ORC § 2929.14(B) ("[T]he court shall impose the shortest prison term authorized for the offense . . . unless [t]he offender was serving a prison term at the time of the offense, or the offender previously had served a prison term[; or] [t]he court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."); ORC § 2929.14(E)(4) ("[T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following [listed facts].").

The trial court found that Hooks had previously served a prison term and that "[c]onsecutive sentences are necessary to protect the public from future crime or to punish the defendant and not disproportionate to the seriousness of the defendant's conduct and the

danger the defendant poses to the public." It also found that "[t]he defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant."

In No. CR03-08-1232, the court sentenced Hooks to six years' imprisonment on count one and four years' imprisonment on count two, to run concurrently with each other. It ordered that those sentences run consecutively to a previously-imposed sentence from No. CR03-07-0944. It sentenced him to three years' imprisonment in No. CR03-08-1278, with this sentence to run consecutively to the sentences imposed in both No. CR03-07-0944 and No. CR03-08-1232. Finally, it sentenced him to eleven months' imprisonment in No. CR03-10-1504, with this sentence to run consecutively to the sentences in Nos. CR03-07-0944, CR03-08-1232, and CR03-08-1278.

On appeal,[1] Hooks argued that the Ohio law under which he was sentenced was unconstitutional in light of *Blakely v. Washington*, 542 U.S. 296 (2004). While his appeal was pending, the Ohio Supreme Court issued its decision in *State v. Foster*, 845 N.E.2d 470 (Ohio 2006), in which it held that some provisions of Ohio's sentencing code were unconstitutional in light of *Blakely*, because they required the judge to engage in fact-finding before imposing a sentence greater than the maximum term authorized by a jury verdict or the defendant's admissions. *Id.* at 477-79, 494. As a remedy, the *Foster* court severed the unconstitutional provisions of Ohio's sentencing code, making those provisions advisory and allowing trial courts full discretion to sentence within the statutory range or impose consecutive sentences without engaging in any judicial fact-finding. *Id.* at 494-99. In light of *Foster*, the Ohio Court of Appeals sustained Hooks's *Blakely* claims, reversed the trial court's judgment, and remanded his case for re-sentencing consistent with *Foster*.

Hooks filed a motion for reconsideration, arguing that although the case should be remanded "in light of *Blakely*, . . . [r]emanding in light of *Foster* violates the Ex Post Facto and Due Process Clauses of the United States Constitution and directly

---

[1]Hooks's cases were consolidated on direct appeal and were docketed as No. Butler CR2004-02-047.

contravenes *Foster*." The Ohio Court of Appeals denied the motion for reconsideration, and Hooks sought leave to appeal to the Ohio Supreme Court. The Ohio Supreme Court ultimately denied this request and summarily dismissed the appeal "as not involving any substantial constitutional issue." Following a hearing before the trial court, Hooks was re-sentenced to the same terms of imprisonment as previously imposed.

Hooks then filed a habeas corpus petition in the United States District Court for the Southern District of Ohio alleging that he "was sentenced by the State of Ohio to non-minimum, consecutive sentences in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution," and that the Ohio Supreme Court's decision in *Foster* to sever the unconstitutional "portions of Ohio's statutes that mandated minimum, concurrent sentences violated the Due Process and Ex Post Facto Clauses of the United States Constitution." The district court denied the petition, and Hooks appeals.

## DISCUSSION

### I. Exhaustion

Hooks is required by 28 U.S.C. § 2254 to exhaust his state court remedies before we can hear his petition. That statute prohibits us from granting an application for a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). It provides an exception from that requirement when "circumstances exist that render such process ineffective to protect the rights of the applicant." *Id*. at §2254(b)(1)(B). The district court concluded that Hooks had exhausted his claims, that even if he had not properly exhausted his claims, any further pursuit of remedies in state court would be futile, and, finally, that it could deny his petition regardless of a failure to exhaust.

"To be properly exhausted, each claim must have been 'fairly presented' to the state courts." *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (quoting *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003)). "Fair presentation requires that the state

courts be given the opportunity to see both the factual and legal basis for each claim." *Id.* at 414-15 (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990), and *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)). Hooks fully presented his legal and factual arguments to the appellate court in his motion to reconsider. He also sought leave to appeal the appellate court's denial of his motion to reconsider to the Ohio Supreme Court and a writ of certiorari from the United States Supreme Court. The brief he submitted to the appellate court was virtually identical to his habeas petition. Furthermore, the warden fully responded to Hooks's arguments before that court. Moreover, because Hooks was challenging his re-sentencing pursuant to *Foster*, not his ultimate sentence, the imposition of his sentence was irrelevant to the arguments he presented on appeal. Therefore, Hooks properly exhausted his claims.

## II. Due Process and Ex Post Facto Concerns

On appeal from a habeas proceeding, we review the district court's legal conclusions de novo and its findings of fact for clear error. *King v. Bobby*, 433 F.3d 483, 489 (6th Cir. 2006). We need not reach the question of whether re-sentencing under *Foster*, in general, violates the Ex Post Facto or Due Process Clauses of the United States Constitution because it does not violate either of these constitutional provisions as applied to Hooks.

The Ex Post Facto Clause prohibits a state from passing a law that (1) criminalizes an action done before the law was passed, which was innocent when done, (2) "'aggravates a crime, or makes it greater than it was, when committed,'" (3) "'changes the punishment'" to inflict greater punishment than the law provided when the crime was committed, or (4) "'alters the legal rules of evidence'" so that less or different testimony is required than at the time the offense was committed. *Rogers v. Tennessee*, 532 U.S. 451, 456 (2001) (quoting *Calder v. Bull*, 3 U.S. 386, 390 (1798)). The Ex Post Facto Clause, however, provides by its terms that it is applicable only to acts of the Legislature, and "'does not of its own force apply to the Judicial Branch of government.'" *Id.* (quoting *Marks v. United States*, 430 U.S. 188, 191 (1977)). Nevertheless, the "limitations on ex post facto judicial decisionmaking are inherent in

the notion of due process." *Id.* Consequently, the principles of the Ex Post Facto Clause apply to the courts through the Due Process Clause. *See id.* at 457. Because these principles are viewed through the lens of due process in the judicial context, the constitutionality of judicial action turns on the traditional due process principles of "notice, foreseeability, and, in particular, the right to fair warning," rather than the specific prescriptions of the Ex Post Facto Clause. *Id.* at 458-59.

A state's statutory scheme does not violate the Sixth Amendment simply because it constrains the ability of courts to impose consecutive sentences to situations in which the court has found specific facts. *Oregon v. Ice*, 129 S.Ct. 711, 714-15 (2009). Instead, a state may allow courts unfettered discretion to impose consecutive sentences or it may limit that authority without violating the Sixth Amendment. *Id.* At the time Hooks committed his crimes, Ohio permitted the court to impose consecutive rather than concurrent sentences if it found particular facts, *see* ORC § 2929.14(E)(4), and explained its "reasons for imposing the consecutive sentences," ORC § 2929.19(B)(2)(c). The Ohio Supreme Court nevertheless determined that these statutory provisions violated *Blakely* because they allowed the imposition of longer sentences—consecutive sentences—based upon judicial factfinding. *Foster*, 845 N.E.2d at 491.

Regardless of the court's determination in *Foster*, the maximum sentence to which Hooks was constitutionally subject contemplated consecutive sentences. Hooks would have the court calculate his maximum sentence as being imposed concurrently based solely on the facts found by a jury at the time of sentencing, because he argues that this calculation is mandated by *Apprendi v. New Jersey*, 530 U.S. 466 (2000). However, *Apprendi* does not limit the calculation of Hooks's potential sentence to concurrent sentences when the judicial fact-finding here is allowed under *Ice*. Thus, Hooks was initially and constitutionally subject to consecutive sentences according to the "guided discretion" of the court. *See Foster*, 845 N.E.2d at 495. Moreover, Hooks was always aware of the potential for consecutive sentences. On re-sentencing post-*Foster* he remained subject to consecutive sentences within the discretion of the court. Since Hooks was *always* subject to consecutive rather than concurrent sentences in the

discretion of the trial court, his re-sentencing under *Foster* did not raise ex post facto or due process concerns. We need not reach the broader question of whether re-sentencing under *Foster* ever violates the Due Process or Ex Post Facto Clauses because *Foster*'s application in Hooks's case does not do so.

**AFFIRMED**.