NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0196n.06

No. 10-3961

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

RAYMOND TODD LININGER,

Petitioner-Appellant,

v.

ROBERT WELCH, Warden,

Respondent-Appellee.

FILED
Feb 17, 2012
LEONARD GREEN, Clerk

On Appeal from the United
States District Court for the
Northern District of Ohio at
Toledo

Before:     GUY, KETHLEDGE, and WHITE, Circuit Judges.

**Ralph B. Guy, Jr., Circuit Judge**.      Petitioner Raymond Lininger, an Ohio

prisoner, appeals from the denial of habeas relief on his claim that the retroactive application

of the Ohio Supreme Court's decision in *Foster* upon resentencing violated the *Ex Post Facto*

Clause and the Due Process Clause of the United States Constitution. *State v. Foster*, 845

N.E.2d 470 (Ohio 2006). This claim is foreclosed by this court's recent decision in *Ruhlman*

*v. Brunsman*, 664 F.3d 615 (6th Cir. 2011). The denial of habeas relief is affirmed.

I.

Twice in May 2004, Lininger forced a woman into her car at gunpoint, threatened her,

and demanded that she obtain money for him from ATMs or other locations. The second

victim jumped out of the moving vehicle, was dragged briefly and run over. Apprehended,

Lininger was convicted by a jury of two counts of aggravated robbery with firearm

specifications, two counts of kidnapping with firearm specifications, and one count of negligent assault. After making the findings required to justify the greater-than-minimum and consecutive sentences pursuant to Ohio Rev. Code § 2929.14(B) and (E), the trial court sentenced Lininger to a total of 26 years of imprisonment consisting of consecutive terms of four years each on the aggravated robbery convictions, consecutive terms of six years each for the kidnapping convictions, and mandatory consecutive terms of three years each for the firearm specifications. A 60-day sentence for negligent assault was ordered to be served concurrently with the others.

On direct appeal, the state court vacated and remanded for resentencing in light of the Ohio Supreme Court's intervening decision in *Foster*, which addressed the impact of *Blakely v. Washington*, 542 U.S. 296 (2004), and held that Ohio Rev. Code Ann. § 2929.14(B) and (C) were unconstitutional because they provided for increased sentences based on judicial factfinding. *Foster*, 845 N.E.2d at 498-99. The trial court resentenced Lininger to the same aggregate 26-year sentence. Lininger exhausted his state appeals, then brought this claim in a petition for habeas corpus. The district court, adopting the magistrate judge's findings, denied the habeas petition and granted a certificate of appealability.

## II.

On appeal from the denial of a petition for writ of habeas corpus, we review the district court's findings of fact for clear error and questions of law *de novo*. *See Goff v. Bagley*, 601 F.3d 445, 455 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 1045 (2011). Acknowledging that this case is governed by the Antiterrorism and Effective Death Penalty

Act (AEDPA), petitioner argues that the state court's rejection of this claim on the merits resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

Petitioner challenges the post-*Foster* reimposition of greater-than-minimum sentences for the two counts of aggravated robbery and the two counts of kidnapping, each of which were felonies in the first degree subject to a sentence of between three and ten years in prison under Ohio Rev. Code Ann. § 2929.14(A)(1).[1]  In *Ruhlman*, this court rejected similar *Ex Post Facto* and Due Process Clause challenges to the post-*Foster* reimposition of a greater-than-minimum sentence for a second-degree felony under Ohio Rev. Code § 2929.14(A)(2). For the same reasons, Lininger cannot establish that it was contrary to or an unreasonable application of Supreme Court precedent for the state court to find that Lininger's post-*Foster* greater-than-minimum sentences did not violate *ex post facto* or other due process principles. First, at a minimum, the *Ex Post Facto* Clause does not apply to the judicial branch of government.  *Rogers v. Tennessee*, 532 U.S. 451, 456 (2001).  Second, as in *Ruhlman*, Lininger's due process rights were not violated by the retroactive application of *Foster* on remand.  *Ruhlman*, 664 F.3d at 621; *Bouie v. City of Columbia*, 378 U.S. 347, 354 (1964). *Foster* did not alter the applicable sentencing ranges for aggravated robbery and kidnapping, and, at the time he committed the offenses, Lininger was on notice that he was subject to

---

[1]Petitioner does not claim constitutional error in the reimposition of consecutive sentences on remand, acknowledging that this court rejected *Ex Post Facto* and Due Process Clause challenges to post-*Foster* consecutive sentences in *Hooks v. Sheets*, 603 F.3d 316, 320-21 (6th Cir. 2010).

longer sentences depending on the trial court's findings. The trial court made those findings and imposed greater-than-minimum sentences before *Foster*, and the imposition of the same sentences post-*Foster* was not unexpected or indefensible by reference to the law that applied when Lininger committed the offenses.

**AFFIRMED**.