**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 13a1020n.06

No. 12-1465

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Dec 06, 2013
DEBORAH S. HUNT, Clerk

THELONIOUS SEARCY,

    Petitioner – Appellant,

    v.

MARY BERGHUIS, Warden,

    Respondent – Appellee.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

Before: MOORE and McKEAGUE, Circuit Judges; HELMICK, District Judge.[*]

**JEFFREY J. HELMICK, District Judge.** Appellant Thelonious Searcy, currently incarcerated in a facility operated by the Michigan Department of Corrections, appeals the district court's denial of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. For the reasons stated below, we affirm the district court's ruling.

## I. BACKGROUND

On May 9, 2005, following a jury trial, Searcy was convicted of first degree murder, assault with intent to commit murder, and possession of a firearm during the commission of a felony. The trial court subsequently sentenced Searcy to life in prison without the possibility of parole, with a concurrent term of imprisonment of 15 to 30 years for assault with intent to commit murder and a consecutive two-year term for possession of a firearm.

---

[*]The Honorable Jeffrey J. Helmick, United States District Judge for the Northern District of Ohio, sitting by designation.

With the assistance of the Michigan Appellate Defender's Office, Searcy filed an appeal as of right with the Michigan Court of Appeals. He asserted:

> I. The trial court violated appellant's due process rights by failing to give the jurors the proper oath after jury selection; alternatively, defense trial counsel was constitutionally ineffective in failing to object.
>
> II. The trial court violated appellant's due process rights by allowing the prosecutor to introduce ballistics evidence that the police did not disclose until after jury selection and opening statements.
>
> III. Appellant is entitled to a new trial, or at least a remand for an evidentiary hearing, based on newly discovered evidence that a key prosecution witness identifying appellant as the shooter gave perjured testimony when she stated the alleged target of the shooting was her "friend," when in fact the target was her half-brother.

*Searcy v. Berghuis*, No. 10-cv-11543, 2012 WL 1060080, at *1 (E.D. Mich. March 29, 2012). The Michigan Court of Appeals denied his appeal and upheld his conviction and sentence. *People v. Searcy*, No. 263347, 2006 WL 3040003 (Mich. Ct. App. Oct. 26, 2006). The Michigan Supreme Court denied Searcy's application for leave to appeal. *People v. Searcy*, 729 N.W.2d 877 (Mich. 2007).

Through new counsel, Searcy filed a motion for relief from judgment pursuant to MCR 6.502 in the trial court. In that motion, Searcy set forth four substantive claims[1] and one general claim:

> I. Defense counsel deprived the defendant of his federal Sixth Amendment right to the effective assistance of counsel based on repeated instances of errors and omissions on the part of defense counsel.
>
> II. The defendant was denied his due process rights to a fair trial based on the use of an unduly suggestive photo lineup in which there was no attorney present to supervise the proceedings.

---

[1]Each of Searcy's claims arises from the trial court record.

2

III. The defendant was denied his constitutional right to a fair trial based on instances of prosecutorial misconduct where the prosecutor made inflammatory comments regarding the defendant's failure to call his wife as a witness on his own behalf, thereby prejudicing the defendant.

IV. The great weight of the evidence presented by the prosecutor was insufficient to establish beyond a reasonable doubt that the defendant, Theolonious Searcy, was guilty of first-degree murder or assault with intent to murder pursuant to U.S. Const. Ams. V, VI, XIV; Mich. Const. 1963, Art. 1, §§ 17, 20.

V. The defendant is entitled to post-conviction relief pursuant to M.C.R. 6.508(D).

*Searcy,* 2012 WL 1060080, at *2. The trial court denied his motion for relief from judgment pursuant to MCR 6.508(D). The trial court concluded Searcy had raised issues regarding ineffective assistance of trial counsel and sufficiency of the evidence in his direct appeal as of right, and declined to "re-examine[ ]" those claims. *People v. Searcy*, No. 04-012890-01, at *3 (Wayne Co. Cir. Ct. June 24, 2009) (unpublished amended opinion). The trial court also noted Searcy did not raise his due process claims regarding the photo lineup identifications and alleged prosecutorial misconduct during his direct appeal, and concluded he did not demonstrate good cause and actual prejudice pursuant to MCR 6.508(D)(3)(a) to excuse his failure to raise those claims previously.

Searcy filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied in a one-sentence order in which the court concluded Searcy did not meet his burden of demonstrating he was entitled to relief under MCR 6.508(D). Searcy's application for leave to appeal with the Michigan Supreme Court was denied on the same grounds.

Searcy then filed a petition for a writ of habeas corpus with the United States District Court for the Eastern District of Michigan and asserted the four substantive issues he raised in his motion for relief from judgment. Searcy contended:

3

I.  Defense counsel deprived the defendant of his federal Sixth Amendment right to the effective assistance of counsel based on repeated instances of errors and omissions on the part of defense counsel pursuant to U.S. Const. Ams. VI, XIV; Const. 1963, art I §§17,20.

II.  The defendant was denied his due process rights to a fair trial based on the use of an unduly suggestive photo lineup in which there was no attorney present to supervise the proceedings pursuant to U.S. Const. Ams. VI, XVI, Michigan Const. 1963, Art. 1, §§17, 20.

III.  The defendant was denied his constitutional right to a fair trial based on instances of prosecutorial misconduct where the prosecutor made inflammatory comments regarding the defendant's failure to call his wife as a witness on his own behalf, thereby prejudicing the defendant's right to a fair trial pursuant to U.S. Const. Ams. VI, XIV; Mich. Const. 1963, Art. 1, Am. 17.

IV.  The great weight of the evidence presented by the prosecutor was insufficient to establish beyond a reasonable doubt that the defendant, Thelonious Searcy, was guilty of first-degree murder or assault with intent to murder pursuant to U.S. Const. Ams. V, VI, XIV; Mich. Const. 1963, Art. 1, §§ 17, 20.

*Searcy*, 2012 WL 1060080, at *2-3. The district court ruled Searcy's claims were procedurally defaulted and that he failed to establish cause and prejudice to excuse the default. The district court concluded Searcy failed to make a substantial showing of a violation of his constitutional rights and declined to issue a certificate of appealability. Upon Searcy's request, this court subsequently granted him a certificate of appealability as to all issues.

## II.  ANALYSIS

### A.  Standard of Review

Searcy's habeas petition, which he filed on April 16, 2010, is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, we review the district court's legal conclusions *de novo* and its findings of fact for clear error. *Montgomery v. Bobby*, 654 F.3d 668, 676 (6th Cir. 2011) (en banc). We may not grant

a petition for habeas relief unless the petitioner has exhausted available state court remedies, or the state court process is unavailable or insufficient to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1). We may not grant a petition with respect to any claim adjudicated on the merits in state court unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . [or] resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

The doctrine of procedural default prohibits petitioners from obtaining habeas relief on claims the petitioner fails to present to the state courts pursuant to the state's procedural rules. *Wainwright v. Sykes*, 433 U.S. 72, 81–82 (1977). A claim is procedurally defaulted when the petitioner fails to comply with an applicable state procedural rule, the state court actually relies on the procedural rule in rejecting the petitioner's claim, and the procedural rule is independent of federal law and adequate to foreclose review of the federal claim. *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2005). In such a case, the petitioner nonetheless may be entitled to relief if he can establish cause for failing to follow the procedural rule and prejudice by the alleged constitutional error. *Id*. We examine "the last reasoned opinion of the state courts in determining whether the state courts enforced the procedural bar and presume that later courts enforced the bar rather than rejecting the claim on the merits." *Id*. at 524–25 (*citing Mason v. Mitchell*, 320 F.3d 604, 635 (6th Cir. 2003)).

5

**B. Ineffective Assistance of Counsel**

On appeal, Searcy argues trial counsel was ineffective because counsel failed to (1) object to an inappropriate comment the prosecutor made during closing arguments and (2) file a motion to suppress Searcy's identification by several witnesses through a photo lineup. Searcy alleges the prosecutor violated his due process rights by pointing out to the jurors that Searcy did not call his wife as a witness in support of his alibi defense.[2] He also asserts the photo lineup was unduly suggestive and improperly led potential witnesses to identify him as the perpetrator. To prevail on a claim for ineffective assistance of counsel, a defendant must show both that his counsel's performance was deficient and his counsel's deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

**1. Ineffective Assistance of Counsel – Prosecutorial Misconduct**

While Searcy alleged prosecutorial misconduct during closing arguments as a stand-alone claim during the state collateral review proceedings, he raises that issue as support for his ineffective assistance of counsel claim for the first time on appeal to this court. Searcy did not fairly present this section of his claim to the Michigan courts, or even to the district court in his habeas petition.

---

[2]The prosecutor stated, while arguing Searcy's alibi defense was not believable, "who did you not hear from when you talk about that alibi defense . . . [?] Who wasn't there? Who didn't testify? His wife. Where is his wife?" R. 5-16, pg. 26, Page ID # 1196. The motivation for the prosecutor's comment is unclear, as defense counsel did not tell the jury during his opening statement that Searcy's wife would testify. Moreover, while the defense presented eight witnesses who testified Searcy was at a family barbeque at the time of the murder, none of those witnesses testified Searcy's wife also attended the barbeque. *See* R. 5-15, (Johnson) pg. 73, Page ID # 1051; (Edgerson) pg. 88, 90, 93, Page ID # 1066, 1068, 1071; (Davis) pg. 107-08, Page ID # 1085-86; (Adams) pg. 122, Page ID # 1100; (Miller) pg. 132, 137, Page ID # 1110, 1115; (Gaskin) pg. 148-49, Page ID # 1126-27; (Stradford) pg. 158-59, Page ID # 1136-37; (Richardson) pg. 184-85, Page ID # 1162-63.

*See Wagner v. Smith*, 581 F.3d 410, 414–15 (6th Cir. 2009) ("Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim.").

It is not sufficient that Searcy previously offered separate claims of prosecutorial misconduct in violation of his due process rights and ineffective assistance of trial counsel. Searcy was "required to make a specific showing of the alleged claim" in state court. *Id*. Thus, Searcy has failed to exhaust his state-court remedies, and therefore, he has procedurally defaulted his claim. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 848 (1999). Additionally, Searcy failed to raise this claim in his petition for a writ of habeas corpus in the district court. *See* R.1 at 27–35, 45–53 (Pet. for Writ at 10–18, 28–36) (Page ID #27–35, 45–53). Given that this claim was not raised in the district court, we need not address it on appeal. *See J.C. Wyckoff & Assocs., Inc. v. Standard Fire Ins. Co.*, 936 F.2d 1474, 1488 (6th Cir. 1991). If we were to address this claim, Searcy must establish cause and prejudice to excuse his procedural default of this portion of his ineffective-assistance claim. *See Sykes*, 433 U.S. at 87. Searcy offers no explanation for, and indeed does not acknowledge, his failure to identify prior to this appeal his claim that trial counsel was ineffective for failing to object to the prosecutor's comment. Searcy's claim is procedurally defaulted and cannot proceed.

Even if Searcy had not procedurally defaulted this claim by failing to fairly present it to the state court on collateral review, he cannot maintain an ineffective assistance of counsel claim because he has not shown his counsel's performance to be deficient. While trial counsel did not object when the prosecutor commented that Searcy's wife did not testify, he did address the issue in his closing argument by informing the jury that the trial judge had removed Searcy's wife from

the courtroom because she had been too demonstrative earlier in the trial.[3] R. 5-16, pg. 39, Page ID # 1209.

Where trial counsel has dealt with a problem by choosing one option over another, we do not second-guess that strategy. *Hartman v. Bagley*, 492 F.3d 347, 360 (6th Cir. 2007) (citing *Strickland*, 466 U.S. at 690); *see also Strickland*, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential."). Searcy offers no evidence that trial counsel's decision not to object and instead to address the prosecutor's comment during his closing argument was not "the result of reasonable professional judgment." *Strickland,* 466 U.S. at 690. Trial counsel had an opportunity to properly address the prosecutor's comment directly with the jury and did so. Indeed, when the prosecutor objected to defense counsel's explanation, the trial judge instructed the prosecutor he could address the issue in his rebuttal argument, though ultimately the prosecutor did not take up the issue again. Even if he had properly presented the argument, Searcy could not demonstrate cause for failing to raise his claim that trial counsel was ineffective for failing to object the prosecutor's statement, and he is not entitled to habeas relief because his claim is procedurally defaulted.

---

[3]The record reflects the trial judge issued repeated warnings to the family members and friends of both the defendant and the decedent and informed them they would be barred from the courtroom if they disrupted the trial or failed to obey the instructions of the sheriff's deputies providing security. *See, e.g.,* R. 5-14, pg. 9-10, Page ID # 794-95; R. 5-14, pg. 152, Page ID # 937. There is no indication, however, that the jury witnessed the behavior that led the trial judge, on the fourth day of the trial, to bar Searcy's wife from the courtroom for the remainder of the trial. The judge issued his order barring Mrs. Searcy from the courtroom on the record but outside of the presence of the jury. R. 5-15, pg. 130, Page ID # 1108.

Additionally, Searcy claims that even if we conclude he cannot demonstrate cause and prejudice to excuse his procedural default, we should examine the merits of his claim because he is actually innocent of the charges on which he was convicted. For a claim of actual innocence to be credible, a defendant must "support his allegations of constitutional error with *new reliable evidence*—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (emphasis added). Searcy does not offer any new evidence but instead contends "the weight of the evidence [at trial] favored his acquittal." Searcy fails to meet the manifest injustice standard and the doctrine of procedural default bars review of this claim.

### 2. Ineffective Assistance of Counsel – Photo Lineup Identification

Searcy also argues his trial counsel was ineffective for failing to challenge the photo lineup identifications made by several witnesses. In reviewing the motion for relief from judgment, the trial court stated Searcy "previously raised issues regarding ineffective assistance of trial counsel . . . in his appeal of right." *People v. Searcy*, No. 04-012890-01, at *3 (Wayne Co. Cir. Ct. June 24, 2009). The trial court then concluded Searcy could not "re-litigat[e] any part of this issue in this court" and the issue was "closed and [would] not further be discussed in this opinion." *Id.*

The district court acknowledged "[w]ith respect to the ineffective assistance of counsel claims, presumably the state trial court is referring to Michigan Court Rule 6.508(D)(2)" and that "[n]ormally, a state court's reliance on that rule will not constitute a procedural default . . . ." *Searcy*, 2012 WL 1060080, at *5 n.1. The district court then proceeded to conclude, however, Searcy's "presentation of other ineffective assistance of counsel issues on direct appeal did not

9

'fairly present' the state courts with an opportunity to review the new issues" and "[b]ecause [Searcy] has no further available remedy by which to exhaust his new ineffective assistance of counsel issues, those issues are defaulted." *Id.* We disagree.

Michigan law permits a defendant to file a motion for relief from judgment in the court in which he was convicted. MCR 6.502. The defendant has the burden of establishing he is entitled to the relief he requests, but the court is prohibited from granting relief in certain circumstances. MCR 6.508(D). The state court may not grant relief if the defendant's motion "alleges grounds for relief which were decided against the defendant in a prior appeal or proceeding under this subchapter, unless the defendant establishes that a retroactive change in the law has undermined the prior decision." MCR 6.508(D)(2). Additionally, the defendant is not entitled to relief if his motion

> alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates good cause for [his] failure to raise such grounds on appeal or in the prior motion, and actual prejudice from the alleged irregularities that support the claim for relief.

MCR 6.508(D)(3)(a)-(b). The rule also defines "actual prejudice" to mean, *inter alia*, that "in a conviction following a trial, but for the alleged error, the defendant would have had a reasonably likely chance of acquittal." MCR 6.508(D)(3)(b)(i).

In his collateral attack filed in the state trial court, Searcy raised ineffective assistance of counsel claims different from those raised on direct appeal. He argued the trial court should grant him relief because appellate counsel was ineffective by failing to raise these claims previously (good cause) and because he would have prevailed on direct appeal if appellate counsel had raised the claims (actual prejudice). This is the fair presentation federal law requires and that Michigan law

10

permits. *See, e.g., Wagner*, 581 F.3d at 414-15; MCR 6.508(D)(3); *see also People v. Boswell*, No. 228359, 2001 WL 1464533, at *1 (Mich. Ct. App., Nov. 16, 2001) (concluding MCR 6.508(D)(2) did not preclude review of defendant's ineffective assistance of counsel claim because, while defendant raised "numerous ineffective assistance of counsel claims" on direct appeal, he did not previously argue the exact issue raised in motion for relief from judgment). Searcy properly exhausted his state court remedies concerning his ineffective assistance claim.

Moreover, the state court expressly stated it would not examine Searcy's ineffective assistance of counsel claims and would not further discuss those claims in its opinion denying Searcy's motion for relief from judgment. The district court inferred the state court's conclusion that Searcy failed to demonstrate good cause and actual prejudice under MCR 6.508(D)(3) with regard to his remaining claims also applied to his ineffective assistance claims. This is unsupported by the state court record. The state court did not actually rely on MCR 6.508(D)(3) in declining to address Searcy's ineffective assistance of counsel claims; rather, it concluded those claims were barred from postconviction review by MCR 6.508(D)(2). Therefore, the district court erred in concluding Searcy's ineffective assistance claim was procedurally defaulted by the state court's purported application of MCR 6.508(D)(3). *Peoples v. Lafler*, 734 F.3d 503, 511–12 (6th Cir. 2013) (concluding procedural default doctrine did not bar federal habeas review where state appellate court applied MCR 6.508(D)(2) to claims petitioner did not actually raise on direct appeal).

This does not mean, however, that Searcy prevails. Searcy has the burden of demonstrating counsel was constitutionally deficient in failing to challenge the admissibility of the photo lineup, as well as demonstrating he suffered prejudice as a result. *Strickland*, 466 U.S. at 687. Even if we

11

were to assume Searcy could demonstrate counsel's performance was deficient, however, he is not entitled to habeas relief on this claim because he cannot demonstrate he suffered prejudice. *See id.* at 692 ("[A]ny deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution.").

In order to demonstrate prejudice, a habeas petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. To satisfy his burden, Searcy must prove "the pretrial identification procedure [was] so 'impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.'" *Ledbetter v. Edwards*, 35 F.3d 1062, 1070 (6th Cir. 1994) (*quoting Thigpen v. Cory*, 804 F.2d 893, 895 (6th Cir. 1986)). We must consider whether the procedure was unduly suggestive and, if so, we must evaluate the totality of the circumstances to determine whether the identification nevertheless was reliable. *Id.* at 1071.

Searcy argues we should conclude the photo lineup was unduly suggestive because his photograph was in the middle of a six photograph array and he was the only individual pictured wearing a button-down, open-collared shirt, while the other individuals wore t-shirts.[4] Though it was admitted as an exhibit at trial, our review of the district court record did not uncover a copy of the photo lineup. After reviewing copies of the photo lineup we obtained from the state trial court,

---

[4]In his application to the Michigan Supreme Court for leave to appeal the denial of his motion for relief from judgment as well as his memorandum of law in support of his habeas petition, Searcy conceded "[a]lone, such a difference would be minute and should not taint the identification." It appears he abandoned this concession on appeal.

we conclude the trial court's admission of the photo lineup does not satisfy the prejudice prong of the *Strickland* analysis.

A photo lineup is unduly suggestive if it steers "the witness to one suspect or another, independent of the witness's honest recollection." *Wilson v. Mitchell*, 250 F.3d 388, 397 (6th Cir. 2001). Searcy does not explain how the placement of his photograph influenced any of the witnesses who identified him. *See United States v. Burdeau*, 168 F.3d 352, 357 (9th Cir. 1999) (concluding "placement of the photograph" was an insubstantial difference).

Nor does he identify any instance in which a witness suggested the clothing Searcy wore in the picture supported or influenced the witness's identification. In contrast, one witness stated she identified Searcy in the photo array because she focused on his mouth. R. 5–2, pages 78–79, Page ID # 172–73. Another witness identified Searcy's photograph as depicting the person she saw shooting the victim, but commented his skin tone in the photograph was lighter than it appeared on the night of the shooting. R. 5–2, page 28, Page ID # 122. A third witness described the clothing worn by the man who shot the victim in some detail, but there is no evidence the clothing Searcy wore in the photograph was similar to the clothing he wore on the date of the shooting. R. 5‑14, page 58, Page ID # 843. Further, the third witness also testified at trial that he was able to identify Searcy in the photo lineup because he recognized his face, and did not mention the button-up shirt Searcy wore in the photo. R. 5‑14, page 69, Page ID # 854.

Moreover, the fact that Searcy's clothing does not match the clothing of the other individuals in the photo lineup does not make the lineup unduly suggestive. *Cf. United States v. Crozier*, 259 F.3d 503, 510 (6th Cir. 2001) (including one color photograph of the defendant in a group of black-

and-white photographs was unduly suggestive); *Jells v. Mitchell,* 538 F.3d 478, 511–12 (6th Cir. 2008) (lineup was unduly suggestive when the defendant wore a jail jumpsuit and slippers while the other participants wore street clothes and shoes); *Haliym v. Mitchell*, 492 F.3d 680, 704 (6th Cir. 2007) (lineup was unduly suggestive where defendant was the only participant "bandaged or dressed in prison clothing").

In sum, Searcy cannot maintain his claim that his counsel was ineffective for not objecting to witness identifications from photo lineups because he has not shown such an objection was meritorious and that failure to make it prejudiced his defense.

### III.  CONCLUSION

For the reasons stated above, we conclude Searcy's claim that trial counsel was ineffective for failing to object to alleged prosecutorial misconduct was not raised in the district court. Moreover, it is procedurally defaulted and he has failed to demonstrate cause and prejudice or a meritorious claim of actual innocence to excuse his default.  Further, we conclude he is not entitled to relief on his claim that trial counsel was ineffective for failing to challenge the admissibility of a photo lineup because the photo lineup was not unduly suggestive and therefore the trial court's admission of that evidence did not prejudice Searcy's defense.  We affirm the district court's denial of Searcy's petition for habeas relief.