David Keith FARLEY, Petitioner–
Appellant,

v.

Blaine C. LAFLER, Warden,
Respondent–Appellee.

No. 05–2528.

United States Court of Appeals,
Sixth Circuit.

Aug. 24, 2006.

Before: MARTIN and SUTTON, Circuit Judges, and JORDAN, District Court Judge.*

BOYCE F. MARTIN, JR., Circuit Judge.

David Keith Farley was convicted of three counts of first-degree criminal sexual conduct in violation of MICH. COMP. LAWS § 750.520b(1)(f) following a jury trial in Allegan County Circuit Court, and was sentenced to twenty to forty years of im-

prisonment. He sought and was denied a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Michigan. Farley now appeals the district court's denial of habeas relief.

## I.

Farley's conviction arose out of a late-night roadside incident, following a party. Farley and the victim had left the party together in his vehicle, which he was driving, and which ultimately ended up in a ditch by the side of the road. According to the prosecution, Farley then forced himself on the victim, and committed five separate sexual assaults, which supported five separate charges of first-degree criminal sexual conduct under Michigan law. The jury convicted Farley of three of the five charges. On appeal, the Michigan Court of Appeals affirmed Farley's conviction. The Supreme Court of Michigan denied Farley's application for leave to appeal.

Farley subsequently filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Michigan in which he asserted three grounds for habeas relief. First, Farley claimed that the trial court violated his Sixth Amendment right to confrontation when it limited the cross examination of two government witnesses pursuant to the state's objections. The first witness was the victim, who testified that she was on probation after pleading guilty to retail fraud for shoplifting. Farley sought to ask the victim whether drinking underage would have violated the terms of her probation, and the question was disallowed after the state's objection. The second witness was the victim's friend, Callan

---

* The Honorable R. Leon Jordan, United States District Judge for the Eastern District of Ten-

nessee, sitting by designation.

Bell. Farley attempted to impeach the victim's testimony by questioning Bell about statements made to her by the victim, and this line of questioning was also excluded.

Farley's second ground for habeas relief was that the evidence at trial was insufficient to convict him for first-degree criminal sexual conduct. He was convicted of three counts of first degree criminal sexual conduct under Michigan law, one involving digital penetration and two based on penile penetration. First-degree criminal sexual conduct requires a showing of an intrusion into the genital or anal opening of another person involving one of several possible statutorily enumerated circumstances—in this case, those circumstances involved the use of force or coercion with personal injury resulting. *See* MICH. COMP. LAWS § 750.520b(f).

Finally, Farley claimed that his due process right to a fair trial was violated when the trial court failed to give specific unanimity instructions to the jury for each charge. While informing the jury that it had to unanimously find Farley guilty to return a guilty verdict as to any of the several counts against him, the trial court did not repeat this instruction as it instructed the jury specifically on each count. Additionally, in giving the jury instructions for the five counts, the trial court erroneously identified both count three and count four as "count three." Although both charges involved the same type of prohibited conduct and were thus otherwise identical, Farley claims that the misnumbering of the charges caused the jury confusion and created or added to the due process problem.

The district court dismissed Farley's petition for habeas relief with prejudice, and later issued a certificate of appealability for all of Farley's claims. Farley now appeals the district court's denial of habeas relief to this Court.

## II.

We review a district court's decision regarding a writ of habeas corpus de novo. *Wolfe v. Brigano*, 232 F.3d 499, 501 (6th Cir.2000). Factual findings made by the district court are reviewed for clear error unless they are made based on state court documents. *Mackey v. Russell*, 148 Fed. Appx. 355, 359 (6th Cir.2005). In such cases, the factual findings are reviewed de novo. *Id.*

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant habeas relief unless the state court's adjudication of the claim either:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" provision, a federal habeas court should grant the writ "if the state court arrived at a conclusion 'opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.'" *Wolfe*, 232 F.3d at 501 (*quoting Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). This Court should issue the writ under the "unreasonable application" clause where " 'the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id.*

## III.

### A. Confrontation

#### 1. *Limited Cross–Examination of the victim*

■ The district court found that Farley's Sixth Amendment right to confront the witnesses against him had not been violated by the limits placed on his cross-examination of the victim, reasoning that the victim's underage drinking in violation of her probation was only remotely relevant to her motive to fabricate the allegations, and that given the other areas where trial counsel was allowed to ask about credibility and motive to lie, any possible error was harmless. The district court was correct in concluding that the state court's decision did not unreasonably apply Supreme Court precedent.

The Supreme Court has stated that while the Sixth Amendment guarantees a right to cross-examine witnesses regarding their motive to testify, "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness's safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall,* 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). Although the trial court did not specify the basis for preventing the line of cross-examination here, it is apparent that the questioning was only marginally relevant, if it was even relevant at all. As the Michigan Court of Appeals found, "the answer to the question could actually have strengthened the victim's testimony." *People v. Farley,* No. 234789, 2003 WL 1985263, at *2 (Mich.Ct.App. Apr.29, 2003). The victim was not in a position to receive any benefit from going to the police here, but rather stood to get into more trouble with the authorities herself for violating her probation. Farley provides no basis for questioning this determination. Further, the district court and the state courts found that the Petitioner had ample opportunity to ask the victim relevant questions on cross-examination that involved her motive to testify that he raped her.

The petitioner relies on two cases where limitations on cross-examination violated the defendant's right of confrontation—*Olden v. Kentucky,* 488 U.S. 227, 109 S.Ct. 480, 102 L.Ed.2d 513 (1988), and *Lewis v. Wilkinson,* 307 F.3d 413 (6th Cir.2002). In *Olden,* the state courts had granted the prosecution's motion in limine excluding cross-examination regarding the victim's relationship with another man, about which the defense sought to elicit information so as to show that she had a motive to lie in order to protect that relationship. The Supreme Court held that this limitation violated the defendant's Confrontation Clause rights because "[i]t is plain to us that '[a] reasonable jury might have received a significantly different impression of [the witness's] credibility had [defense counsel] been permitted to pursue his proposed line of cross-examination.'" 488 U.S. at 232, 109 S.Ct. 480 (citing *Van Arsdall,* 475 U.S. at 680, 106 S.Ct. 1431). In *Lewis,* the Ohio courts excluded the introduction of portions of a rape victim's diary entry under the state's rape-shield laws, which included comments such as "I'm sick of myself for giving in to them . . . I'm just not strong enough to say no to them. I'm tired of being a whore. This is where it ends." 307 F.3d at 417–18. This Court found that those statements could "reasonably be said to form a particularized attack on the witnesses credibility directed toward revealing possible ulterior motives, as well as implying her consent." 307 F.3d at 422. Consequently, their exclusion violated the defendant's rights under the Confrontation Clause.

Both of these cases are distinguishable from petitioner's case, as it was apparent in each that the excluded evidence would have had probative value on cross-examination with regard to the credibility of the victim's testimony. The petitioner's argument that the question regarding whether the victim was violating her probation would have been similarly probative is not availing, because as the state courts found, it would raise no meaningful doubt about the credibility of the victim's testimony. Although *Olden* and *Lewis* recognize that the Confrontation Clause places meaningful limits on a trial judge's ability to exclude evidence under a state's rules of evidence, those limits are not relevant when the information in question has virtually no probative value, as is the case here.

### 2. *Limited Cross–Examination of Callan Bell, friend of the victim*

█ The district court also found that there was no Confrontation Clause error in the state court's exclusion of a line of inquiry during cross-examination of Callan Bell, a friend of the victim. The petitioner claims that he was seeking to question Bell about statements made by the victim the day after the assault "to demonstrate the process which resulted in the Complainant's rape claim getting out of hand and in her being forced to decide whether to recant and tell the truth or to persist in her story." Under the state rules of evidence, the Michigan Court of Appeals held that the evidence was properly excluded because defense counsel was required to afford the victim a chance to explain or deny her allegedly inconsistent statements before introducing extrinsic evidence for im-

peachment purposes.[1] The district court determined that requiring a defendant to lay a foundation for the admissibility of evidence does not violate the Confrontation Clause, and that he "had an ample opportunity to conduct an effective cross-examination of the victim and impeached her credibility with evidence which suggested a motive on her part to fabricate these charges." D. Ct. Op. at 12–13, 2005 WL 2769001.

As the district court opinion implies, it is unclear whether this issue even raises a claim under the Confrontation Clause. The Petitioner sought to ask Bell about the victim's prior statements so as to impeach the victim's testimony, rather than Bell's testimony. In *Harrington v. Jackson*, 1 Fed.Appx. 367, 370 (6th Cir.2001) (unpublished) this Court observed that "[t]he Supreme Court has not recognized the sweep of the Confrontation Clause to extend beyond guaranteeing the criminal defendant's rights to physically confront and cross-examine adverse witnesses to encompass the right to impeach an adverse witness by putting on a third-party witness." If a defendant is not entitled under the Confrontation Clause to put on a third party witness to impeach the testimony of another witness, it stands to reason that he is similarly not entitled to seek to impeach the primary government witness through cross-examination of a different government witness, with what amounts to extrinsic evidence of the primary witness's credibility.

Even if the petitioner were entitled to some line of questioning of Bell for purposes of confronting the victim, it was not

---

1. The petitioner asks this Court to review this issue de novo, as the state court of appeals only spoke to whether the limitation of cross-examination was appropriate under the state rules of evidence, and did not discuss the Confrontation Clause. This argument ap-

pears to be correct based on a review of the state appeals court's opinion, and the state has not contended otherwise, but a different standard of review does not affect the result on this issue.

a violation of clearly established Supreme Court precedent to exclude the questions at issue here based on the state's rules of evidence. As the district court noted, "neither the Supreme Court nor any federal court of appeals [has] ever held—or even suggested—that the longstanding rules restricting the use of specific instances and extrinsic evidence to impeach a witness's credibility pose constitutional problems." D. Ct. Op. at 12 (quoting *Hogan v. Hanks*, 97 F.3d 189, 191 (7th Cir. 1996)). This rationale carries even greater weight here when petitioner could have asked Bell about the victim's prior statement if he had laid the foundation during the victim's testimony by providing her an opportunity to explain the statement.

## B. Sufficiency of the Evidence

The district court's opinion thoroughly analyzes the evidence introduced with regard to each element of the crimes of which Petitioner was convicted, and little additional analysis is necessary here beyond a summary of the relevant evidence supporting each charge. A habeas court reviews a sufficiency of the evidence claim after a conviction to determine whether "viewing the evidence in the light most favorable to the government, 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir.2003) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). "It is the province of the fact-finder, not this court, to weigh the probative value of the evidence and resolve any conflicts in the testimony." *Id.*

 Here, the petitioner was convicted of three counts of first-degree criminal sexual conduct, one involving digital penetration and two based on penile penetration. First-degree criminal sexual conduct requires a showing of an intrusion into the genital or anal opening of another person, accompanied by one of several possible statutorily enumerated circumstances. The circumstances on which Petitioner's conviction was based involved the use of force or coercion with personal injury resulting. *See* MICH. COMP. LAWS § 750.520b(f). Thus, the state must have introduced sufficient evidence so that with respect to each count, a rational trier of fact could have found the required, accompanying elements of force or coercion and resulting personal injury to the victim, in addition to the penetrations in question.

The district court found that there was evidence here of force and coercion based on the petitioner driving his vehicle into a ditch and digitally penetrating the victim while ignoring her repeated rebuffs. With connection to the two counts of penile penetration, the district court found that there was evidence showing petitioner chased down the victim after she tried to run away, hit her in the face, called her a "psycho bitch," and ordered her into the car before raping her. Also, with regard to the second occurrence of penile penetration, he put his hand over her mouth while raping her. The petitioner simply argues that these findings are insufficient to show force and coercion, but presents no compelling basis in support of this view.

The district court also found that there was sufficient evidence to establish the element of personal injury for all three counts, the definition of which under Michigan statute includes bodily injury and mental anguish. Specifically, there was evidence of a laceration inside the victim's vagina consistent with a fingernail, with respect to the count of digital penetration. For the two counts of penile penetration, there was evidence that the victim's vagina was red, swollen, and painful, that she was bruised on her left knee and left flank from where petitioner pulled her to the ground, and that she had a bruise to her

head from where he hit her. The district court also found, based on factors set forth under Michigan law, that there was evidence the victim had suffered mental anguish. The petitioner attempts to argue that any mental anguish suffered by the victim was not sufficiently "extreme," that there was testimony from a nurse that her vaginal injuries could not have been caused by a penis, and that the cuts that appear to have resulted from a fingernail were too small to count as bodily injury. The petitioner points to no state law authority in support of his purported distinctions, and does not even attempt to refute the other findings of personal injury.

There is no basis for questioning the sufficiency of the evidence here when it is viewed in the light most favorable to the government. The district court thus correctly rejected the petitioner's insufficiency of the evidence claim.

## C. Jury Instructions

■ Petitioner also appeals his conviction on the basis that by not providing separate unanimity instructions on each count, the state court violated his due process rights. The district court determined that petitioner did not exhaust this claim, as he raised it for the first time in his application for leave to appeal with the Michigan Supreme Court, which declined to exercise discretionary review. This is insufficient to constitute the "fair presenta-

tion" to a state court required to establish exhaustion of remedies under 28 U.S.C. § 2254. *Castille v. Peoples,* 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). Nevertheless, because the district court found this claim to be meritless, it determined for the sake of efficiency to consider this claim on its merits and dismiss it in its entirety. *See Rockwell v. Yukins,* 217 F.3d 421, 424 (6th Cir.2000) ("In AEDPA, Congress similarly made clear that the only circumstance under which mixed petitions may be considered by a district court is where the court determines that the petition must be denied in its entirety."); 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). AEDPA clearly provides that the district court could hear the unexhausted jury instruction claim and deny it on its merits to avoid further litigation for the sake of efficiency.[2]

The district court's conclusion that the jury instructions here did not violate petitioner's due process rights is also correct. The trial court instructed the jury that "[a] verdict in a criminal case must be unanimous. In order to return a verdict, it is necessary that each of you agree on that verdict." The court also explained that with respect to each count, "[i]f you all agree that the defendant is guilty of that

2. In addition to failing to raise the unanimity instruction issue in his state appeal, Farley failed to object to the instructions at trial. This omission could potentially have barred habeas review of the issue altogether, absent a showing of cause and prejudice, had the state appeals court rejected his argument on this basis. *See Casnave v. Lavigne,* 169 Fed.Appx. 435, 443 (6th Cir.2006). Even so, the district court's approach of addressing the claim and denying it on its merits is clearly authorized by 28 U.S.C. § 2254(b)(2). Given this approach and the denial of this claim on its merits, we need not address the consequence

of Farley's failure to object to the instruction at trial or engage in a cause and prejudice analysis. The state, for its part, does not seem to appreciate (or for some reason seeks to disavow) the win-win situation conferred upon it by 28 U.S.C. § 2254(b)(2), whereby the unexhausted remedy sought in the petition can only be addressed on its merits if it will be denied. Instead, the state continues to argue that the district court should not have entertained this unexhausted claim. The district court correctly applied this provision, however, and its decision promotes judicial economy as contemplated by the statute.

crime, you may stop your discussions and return your verdict ... If you believe that the defendant is not guilty ... or if you cannot agree about that crime, you should consider the [lesser included offense]." These instructions indicated that in order to return a guilty verdict on any offense, all the jurors had to agree that the defendant was guilty of the act in question.

The district court noted that in federal criminal trials, this Court has only required a specific unanimity instruction where one of three situations exists: (1) the nature of the evidence is exceptionally complex; (2) there is a variance between the indictment and the proof at trial; or (3) there is a tangible indication of jury confusion, as when the jury has asked questions of the court. D. Ct. Op. at 22. (citing *United States v. Washington,* 127 F.3d 510, 513 (6th Cir.1997)). The district court found that none of these criteria are met, and rejected petitioner's argument under this standard. Petitioner now only makes extremely generalized claims that the evidence was complex because the charges against him involved different acts, and that jury confusion was likely, noting that the jury asked to have some of the victim's testimony replayed.

The jury's request to rehear testimony does not indicate confusion about the legal standards set forth in the trial court's instructions. Also, the nature of the evidence here was not exceptionally complex. The government alleged five separate violations of state statutes, and, as it should have done to avoid a duplicitous indictment, it brought a separate count to correlate with each alleged act. *See Washington,* 127 F.3d at 513 ("A duplicitous indictment charges separate offenses within a single count. 'The overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or on both.'") (citing *United States v. Duncan,* 850 F.2d 1104, 1108, n. 4 (6th Cir.1988)). Further, the instructions quoted above made clear to the jury that it had to be unanimous as to each count in order to return a conviction. Because the trial judge made clear to the jury that they had to be unanimous in returning a guilty verdict on each count, there is no basis for the defendant to argue that he was entitled to a more specific instruction with regard to unanimity at trial than the one that was given.

Farley also claims that an error by the trial court in reading the jury instructions created potential juror confusion, which he claims is relevant for determining whether the instructions satisfied due process. In reading the instructions to the jury, the trial court misidentified count four as count three. The instructions for the two counts were identical, as they should have been (other than their numbering) since each count was for the same statutory violation. Were a corrected version of count four written out, the only modification would thus be replacing the word "three" with the word "four." The trial court read out instructions on five separate counts, and the jury returned a verdict on each of the five counts, including decisions of "not guilty" on two of the five. There is no basis to conclude that the incorrect numbering created any meaningful juror confusion. This mistake does not appear to create any due process problem on its own, and it is unclear how it has anything to do with Farley's request for a more specific unanimity instruction.

### IV.

For the foregoing reasons, we AFFIRM the district court's denial of habeas relief.