NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0443n.06

No. 11-1762

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*May 01, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CHARLES MILSTEAD, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| JERI ANN SHERRY, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

BEFORE: MERRITT, MARTIN, and CLAY, Circuit Judges.

PER CURIAM. Charles Milstead, who is represented by counsel, appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. For the reasons set forth below, we affirm the district court's judgment.

In 1999, a jury in the Wayne County Circuit Court convicted Milstead of conspiracy to commit first-degree murder, conspiracy to obstruct justice, and common-law obstruction of justice. These convictions arose from a conspiracy to murder Brian Gross, a key witness against Kent Sexton and Frank Slavik in their armed robbery prosecution. Sexton advised Slavik that "the case against [them] would be all but eliminated" without Gross's testimony and that his friend Milstead was interested in "taking the job." Sexton also told Slavik that Milstead came to their preliminary examination "to get a good look at" Gross and "possibly at that time take care of it right then and

1

there," but "[s]omething apparently didn't jive and it didn't happen." Sexton subsequently informed Slavik that Milstead wanted $7500 in two increments to eliminate Gross as a witness. Slavik notified his attorney and cooperated with the authorities, allowing police officers to record his telephone conversations and meetings with Sexton and Milstead. Those recordings were played for the jury.

The trial court sentenced Milstead to concurrent terms of life imprisonment for the conspiracy to commit murder conviction and one to five years of imprisonment for the conspiracy to obstruct justice and obstruction of justice convictions. On direct appeal, the Michigan Court of Appeals sua sponte vacated Milstead's conviction for common-law obstruction of justice but affirmed his remaining convictions. *People v. Milstead*, 648 N.W.2d 648**,** 659 (Mich. Ct. App. 2002). The Michigan Supreme Court denied Milstead leave to appeal. *People v. Milstead*, 656 N.W.2d 529 (Mich. 2003) (table).

Milstead then moved the trial court for relief from judgment pursuant to Michigan Court Rule 6.502, asserting that his trial and appellate counsel were ineffective for failing to challenge the conspiracy charge on the basis of his inability to conspire with Slavik, a government agent, and for failing to object to the admission of Sexton's out-of-court statements without independent evidence of a conspiracy. Because Milstead did not raise the ineffective-assistance-of-trial-counsel claim on direct appeal as required by Michigan law, the state trial court found the claim procedurally defaulted under Michigan Court Rule 6.508(D). To excuse the default and allow the state court to reach the ineffective-assistance-of-counsel claim, Milstead was required to show "cause" and "actual prejudice." MCR 6.508(D)(3). The trial court found, as a matter of law, that Milstead's trial and appellate counsels' deficiencies established "cause" for the default, but denied Milstead's motion because he failed to meet his burden of showing "actual prejudice" pursuant to Michigan Court Rule

2

6.508(D)(3)(b)(I) and (iii). After the trial court denied his motion for reconsideration, Milstead filed an application for leave to appeal. The Michigan Court of Appeals denied the application "for lack of merit in the grounds presented." The Michigan Supreme Court denied Milstead leave to appeal because he "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Milstead*, 741 N.W.2d 321 (Mich. 2007).

In his habeas corpus petition, Milstead asserted that the trial court's finding of deficiency of both trial and appellate counsel established prejudice *per se*. The government argued in the district court that the claim was procedurally defaulted. The district court found Milstead's claims procedurally defaulted because the Michigan Supreme Court, the last state court to render a judgment in the case, based its decision on Milstead's failure to comply with MCR 6.508(D), Dist. Ct. Op. at 5, and denied Milstead's habeas corpus petition and his subsequent motion for relief from judgment. Milstead timely appealed, and this court granted a certificate of appealability.

The district court's judgment is reviewed *de novo*. *Amos v. Renico*, 683 F.3d 720, 726 (6th Cir.), *cert. denied*, 133 S. Ct. 664 (2012). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), we afford significant deference to a state court's adjudication of a claim "on the merits." *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). We presume that the Michigan appellate court's summary order denying leave to appeal "for lack of merit in the grounds presented" was an adjudication "on the merits" and apply AEDPA deference, "*absent some indication or Michigan procedural principle to the contrary*." *Werth v. Bell*, 692 F.3d 486, 493-94 (6th Cir. 2012) (emphasis added) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011)) (internal quotation marks and brackets omitted), *cert. denied*, 133 S. Ct. 1590 (2013); *see also Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010) (holding that the Michigan appellate courts' form orders citing

3

Michigan Court Rule 6.508(D) are ambiguous and that "[w]e must therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection of [the petitioner's] claim"). Here, however, the Michigan state trial court issued an explained decision expressly based on procedural default under Michigan Court Rule 6.508(D).[1] Subsequent, unexplained summary appellate decisions, such as the ones here from the Michigan Court of Appeals and the Michigan Supreme Court, are deemed to have affirmed on the same ground. *McClellan v. Rapelje*, 703 F .3d 344, 348-49 (6th Cir. 2013). Accordingly, Milstead's claim of ineffective assistance of trial counsel is procedurally defaulted in federal court.[2]

If a petitioner has procedurally defaulted his federal claim in state court, the petitioner must demonstrate either (1) cause for the failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, or (2) that a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006); *Murray v. Carrier*, 477 U.S. 478, 495 (1986). For the reasons set out in the district court's opinion, even if we assume some deficiency on the part of counsel, as the district court did in its analysis, Milstead has shown neither prejudice to excuse his procedural default, nor has he pointed to any fundamental miscarriage of justice, such as his actual innocence.

Milstead claims that his trial counsel was ineffective for failing to object to testimony regarding out-of-court statements. Under Michigan Rule of Evidence 801(d)(2)(E), a statement is

---

[1]We recognize that the "actual prejudice" requirement under Michigan Procedural Rule 6.508(D)(3)(b) bears some similarity to the prejudice prong in an ineffective-assistance-of-counsel-claim, *People v. Swain*, 794 N.W.2d 92, 108 (Mich. Ct. App. 2010), but in this case the Michigan state trial court specifically stated it was not undertaking an analysis under the federal law pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984).

[2]The procedural default rule found in Michigan Court Rule 6.508(D)(3) does not apply to ineffective-assistance-of-appellate-counsel claims. *Guilmette*, 624 F.3d at 291.

not hearsay if it is offered against a party and is "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy on independent proof of the conspiracy." Milstead contends that there was no proof of a conspiracy independent of Slavik's hearsay testimony. In making the preliminary factual determination regarding the admissibility of a coconspirator's statement, the trial court may consider the statement itself. *People v. Barrett*, 747 N.W.2d 797, 803-04 & n.11 (Mich. 2008) (citing *Bourjaily v. United States*, 483 U.S. 171, 181 (1987), and Mich. R. Evid. 104(a)). The out-of-court statements were corroborated by independent evidence of the conspiracy, in particular, Milstead's meeting with Slavik to collect half of the money and his admissions made at that meeting. *See Bourjaily*, 483 U.S. at 180-81. Because the out-of-court statements were admissible under Michigan Rule of Evidence 801(d)(2)(E), Milstead cannot demonstrate prejudice from his trial counsel's failure to object to the testimony concerning the out-of-court statements. *See McQueen v. Scroggy*, 99 F.3d 1302, 1328 (6th Cir. 1996) (holding that failing to make futile objections does not constitute ineffective assistance), *overruled on other grounds by Abdur'Rahman v. Bell*, 392 F.3d 174 (6th Cir. 2004).

Milstead also claims that his trial counsel was ineffective for failing to challenge the conspiracy charge on the basis of his inability to conspire with Slavik, a government agent. As the Michigan Court of Appeals held in affirming the denial of Milstead's motion to dismiss claiming entrapment, the evidence establishes that the conspiracy to commit murder existed before authorities became involved. The "evidence clearly showed that Sexton had already resolved to murder Gross and had identified 'Charlie' as the person to perform the killing, before the prosecutor or the police learned about or became involved in any aspect of this case." *Milstead*, 648 N.W.2d at 654-55. Given the evidence that there was an existing plan between Sexton and Milstead to murder Gross

when Slavik went to the authorities, Milstead cannot demonstrate prejudice from the failure of his counsel to challenge the conspiracy charge on this basis.

Milstead is not entitled to habeas relief on his ineffective-assistance-of-appellate-counsel claim for the same reasons discussed above in relation to his ineffective-assistance-of-trial-counsel claim. *See Howard v. Bouchard*, 405 F.3d 459, 485 (6th Cir. 2005) ("Counsel's failure to raise an issue on appeal is ineffective assistance only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal.").

The district court's judgment is affirmed.