**NOT RECOMMENDED FOR PUBLICATION**
File Name: 17a0389n.06

**No. 16-1186**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

KAINTE DESHAWN HICKEY,        )
                              )
    Petitioner-Appellant,   )
                              )
        v.                )
                              )
BONITA J. HOFFNER, WARDEN,    )
                              )
    Respondent-Appellee.    )
                              )
                              )
                              )

**FILED**
Jun 30, 2017
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

**BEFORE: GIBBONS, COOK, and GRIFFIN, Circuit Judges.**

**JULIA SMITH GIBBONS, Circuit Judge.** On March 25, 2008, Kainte Deshawn Hickey was convicted of first-degree premeditated murder and various other felonies following a joint jury trial with two codefendants, Quonshay Mason and Andre Jackson, in Wayne County, Michigan. His convictions arose from the fatal shooting of Bennie Peterson and the nonfatal shooting of Donteau Dennis. Hickey was sentenced to life imprisonment without the possibility of parole on the murder conviction and to a term of years on the remaining convictions. After Hickey's various claims were denied by the Michigan Court of Appeals on direct appeal, he sought leave to appeal to the Michigan Supreme Court, arguing, for the first time, that his trial counsel was ineffective for failing to call Hickey's sister, Talonda Haley, and her fiancé, Willie Johnson, as alibi witnesses and for failing to call Mason and a man named Hosiea Turner as

exculpatory witnesses. The Michigan Supreme Court summarily denied Hickey's application in a one-sentence order.

Rather than seeking state post-conviction relief, Hickey filed a federal *habeas* petition, reasserting a number of the claims he raised on direct appeal, including, as relevant here, his ineffective-assistance-of-trial-counsel ("IATC") claims regarding counsel's failure to call the alibi and exculpatory witnesses at trial. Despite finding the IATC claims unexhausted, the district court nevertheless denied them on the merits. For the reasons stated below, we vacate the district court's order and remand for further proceedings.

## I.

The Michigan Court of Appeals summarized the relevant facts[1] as follows:

[Kainte Hickey's and Quonshay Mason's] convictions arise from the fatal shooting of Bennie Peterson and the nonfatal shooting of Donteau Dennis during the early morning hours of September 28, 2007, in the city of Detroit. Defendants were tried jointly with codefendant Andre Lamont Jackson, who was also convicted of first-degree premeditated murder, conspiracy to commit murder, assault with intent to commit murder, and felony-firearm.

Dennis was the primary prosecution witness at trial. Dennis testified that he was at the home of Bennie Peterson when defendant Mason came to the house and invited them to participate in a planned robbery of a drug purchaser at the Cabana Hotel. Mason told them that the purchaser would be carrying a large sum of money. Peterson and Dennis agreed to go, and they left with Mason in Peterson's van, with Mason driving. Codefendant Jackson followed them in a Jeep. According to Dennis, Jackson positioned himself in the Jeep to prevent Dennis from seeing another occupant in the Jeep.

Instead of driving to the hotel, Mason drove to Malcolm Street, where he instructed Dennis to purchase drugs from a drug house; informing him that the drugs would be used as bait in the planned robbery. As Dennis began walking toward the drug house, he noticed that Mason and Jackson had positioned their vehicles so that Peterson's van was trapped between the Jeep and another parked car. Hickey then approached Dennis, apparently having come from Jackson's Jeep. Dennis owed a $50 drug debt to Hickey, who shot Dennis. During this same time, Dennis saw Mason and Jackson exit their vehicles carrying guns, and

---

[1]These facts are presumed correct on federal *habeas* review. *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009) (citing 28 U.S.C. § 2254(e)(1)).

one or both of them fired into the van. Peterson died from multiple gunshot wounds. Dennis was shot several times, but fled to the backyard of a home nearby and survived.

Detroit Police Officer Frank Senter found Dennis lying in the backyard of that home. Dennis told Senter that Hickey had shot him over a drug debt, but did not say anything about Peterson, Mason, or Jackson. Over the next few days, Sergeant William Anderson interviewed Dennis at the hospital. Dennis reiterated that he was shot by Hickey, and also reported that Mason and Jackson had killed Peterson.

*People v. Hickey*, Nos. 285253, 285254, 2011 WL 801034, at *1 (Mich. Ct. App. March 8, 2011) (footnote omitted).

Hickey appealed his conviction and sentence to the Michigan Court of Appeals, raising various claims that are not at issue here. While that appeal was pending, Hickey filed a motion to remand for an evidentiary hearing and determination as to whether he should be granted a new trial on the basis of newly discovered evidence—namely, a post-trial affidavit from codefendant Mason. The allegations in Mason's affidavit refuted Dennis's trial testimony and, if believed, exculpated Hickey. Specifically, as summarized by the Michigan Court of Appeals, Mason alleged that

he and another man, Hoseia "Man-Man" Turner, [had] waited outside the Cabana Hotel while Peterson robbed a drug addict and Dennis stole a gun from the robbery victim's car. Mason claimed that when the group reconvened on Malcolm Street, Dennis and Peterson began arguing over the division of the robbery proceeds and struggled over the stolen gun. According to Mason, Dennis shot Peterson, jumped out of the van, and began to shoot at Mason and Turner, prompting Mason to shoot back in self-defense. Mason said that Jackson and Hickey were not present at the time of the shooting.

*Id.* at *2. Turner also submitted an affidavit roughly corroborating Mason's story. *Id.* Hickey argued that Mason's affidavit and proposed testimony was newly discovered evidence entitling Hickey to a new trial.

The Michigan Court of Appeals granted Hickey's motion to remand. Following a two-day evidentiary hearing—where Mason, Turner, Mason's trial counsel, and Hickey's trial counsel testified—the trial court denied Hickey's motion for a new trial, concluding that Mason's testimony was not newly discovered evidence but rather "newly available" evidence that Hickey did not attempt to secure before trial. DE 9-13, ID 971–75.

Hickey returned to the Michigan Court of Appeals, where his initial appeal was pending. That court denied Hickey relief and affirmed his convictions. Hickey then sought leave to appeal from the Michigan Supreme Court, raising, for the first time, claims that his trial counsel was ineffective for failing to call Haley and Johnson as alibi witnesses and for failing to call Mason and Turner as exculpatory witnesses. The Michigan Supreme Court, in a one-sentence order, denied Hickey's application because it was "not persuaded that the questions presented should be reviewed[.]" DE 9-14, ID 1136.

Rather than pursuing state post-conviction relief, Hickey filed a federal *habeas* petition under 28 U.S.C. § 2254, asserting his IATC claims regarding counsel's failure to call Haley, Johnson, Mason, and Turner at trial. The district court denied Hickey's petition. Despite finding that Hickey's IATC claims were unexhausted, the district court nevertheless denied them on the merits under 28 U.S.C. § 2254(b)(2) and *Strickland v. Washington*, 466 U.S. 668 (1984).

Hickey timely appealed and we granted a certificate of appealability as to whether Hickey's counsel was ineffective for failing to call Haley, Johnson, and Turner as witnesses at trial and whether, as a threshold matter, those claims were procedurally defaulted.[2] Hickey subsequently filed a motion to stay these proceedings in order to allow him to return to state court and exhaust his available remedies.

---

[2]We did not grant a certificate of appealability regarding whether counsel was ineffective for failing to call Mason as a witness because we found that Mason could have invoked his Fifth Amendment right against self-incrimination if called to testify.

II.

We review *de novo* a district court's denial of *habeas* relief. *Cowan v. Stovall*, 645 F.3d 815, 818 (6th Cir. 2011) (citation omitted). Because no state court has addressed the merits of Hickey's present IATC claims, we do not apply deference under 28 U.S.C. § 2254(d). *Thompson v. Bell*, 580 F.3d 423, 439 (6th Cir. 2009).

III.

We agree with the district court that Hickey's IATC claims are unexhausted. A federal court is prohibited from granting *habeas* relief unless the petitioner has "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991). A *habeas* petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The Supreme Court has interpreted this to require that prisoners give state courts a "fair opportunity to act on their claims" by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999).

Hickey first presented his IATC claims regarding trial counsel's failure to call Haley, Johnson, and Turner as witnesses in his application for leave to appeal to the Michigan Supreme Court.[3] It summarily denied Hickey's application, finding that the questions presented did not warrant review. Rather than pursuing state post-conviction relief, Hickey immediately filed a § 2254 *habeas* petition in federal court.

Presenting new claims to the state's highest court for the first time on discretionary review, however, does not constitute fair presentation of those claims. *Skinner v. McLemore*,

---

[3]Hickey did present other theories of ineffective assistance to the Michigan Court of Appeals, but not his present claims that counsel was ineffective for failing to call Haley, Johnson, and Turner as witnesses.

5

425 F. App'x 491, 494 (6th Cir. 2011) (citing *Castille v. Peoples*, 489 U.S. 346, 349 (1989)). By raising his IATC claims for the first time on appeal to the Michigan Supreme Court and then eschewing state collateral relief, Hickey did not give the Michigan state courts a "*fair opportunity to act*" on his claims. *O'Sullivan*, 526 U.S. at 844.

But Hickey can still do so. Specifically, he can file a post-conviction motion for relief from judgment in state court under MCR § 6.502. *See Cowan*, 645 F.3d at 820; *Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009). Because he has not yet filed such a motion, and since there is no statutory time limit for doing so, this avenue is still available to him. *See Wagner*, 581 F.3d at 419; *see also* MCR § 6.502(G). True, the state trial court may not entertain such a motion if it concludes that Hickey's IATC claims could have been raised on direct appeal, unless he can show "good cause" for not raising them and "actual prejudice."[4] MCR § 6.508(D)(3). But Hickey could make such a showing by raising, for example, an ineffective-assistance-of-appellate-counsel claim. *See Milstead v. Sherry*, 525 F. App'x 323, 324–25 (6th Cir. 2013); *People v. Walton*, No. 276161, 2008 WL 2262177, at *2 (Mich. Ct. App. June 3, 2008). In any event, that is a decision for the state court. *See Wagner*, 581 F.3d at 419.

Because Hickey's IATC claims are unexhausted and because there is still a state procedure through which Hickey can pursue relief, we cannot grant him relief on these claims. Yet, we still must decide what to do with them. If they were plainly meritless, we could affirm the district court's decision denying them as such. *See* 28 U.S.C. § 2254(b)(2); *Farley v. Lafler*, 193 F. App'x 543, 549 (6th Cir. 2006). But unlike the district court, we do not find these claims plainly meritless. Hickey has alleged that his trial counsel was ineffective for failing to call two alibi witnesses and one exculpatory witness. The record suggests that these witnesses would

---

[4]The other potential bar, MCR § 6.508(D)(2)—which prevents the Michigan trial court from granting post-conviction relief on any claim that was "decided against" the petitioner on direct appeal—is not triggered when the petitioner raises his claims for the first time before the Michigan Supreme Court. *See Skinner*, 425 F. App'x at 495.

have all testified, in some form, that Hickey was not present at the crime scene. Moreover, the sole evidence linking Hickey to the crime was Dennis's identification of Hickey as the shooter. On such a record, we conclude that Hickey has presented at least a colorable claim of ineffective assistance. *See Bigelow v. Williams*, 367 F.3d 562, 570 (6th Cir. 2004) (noting that "the failure to call a known alibi witness generally . . . constitute[s] ineffective assistance of counsel." (citing *Matthews v. Abramajtys*, 319 F.3d 780, 789–90 (6th Cir. 2003))).

That is not to say, however, that Hickey will necessarily succeed on his IATC claims. At this point, Hickey has not satisfied his burden of showing that counsel was ineffective. But we recognize that further factual development may allow him to do so. The development of these claims may illuminate, for example, the extent of counsel's investigation into these witnesses, counsel's reasons for not calling them, and further details concerning their testimony. Whether this evidence will ultimately help or hurt Hickey's claims, we refuse to speculate. At this time, it is enough to say that his claims are not plainly meritless. Accordingly, we vacate the district court's order denying them as such.

IV.

Hickey has filed a motion requesting that we stay these proceedings and hold his petition in abeyance until he can return to state court and exhaust his IATC claims. The "stay and abeyance" procedure is appropriate only where the petitioner can show that: (1) his unexhausted claims are not plainly meritless, and (2) there was good cause for failing to present the claims to the state court.[5] *Rhines v. Weber*, 544 U.S. 269, 277 (2005); *Wagner*, 581 F.3d at 419. Although we have already concluded that Hickey's IATC claims are not plainly meritless, we remand to the district court to decide, in the first instance, whether Hickey can show good cause for failing

---

[5]Although *Rhines* discussed this procedure in the context of "mixed petitions," other circuits have found it appropriate for petitions containing solely unexhausted claims. *See, e.g.*, *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016).

to raise these claims in state court. *See Wagner*, 581 F.3d at 419–20. If Hickey can make such a showing, then the district court should stay Hickey's petition (now comprising only his present IATC claims) and hold it in abeyance while he returns to state court to exhaust his available remedies. *Id.*

V.

For the foregoing reasons, we vacate the district court's denial of Hickey's ineffective-assistance claims and remand for further proceedings consistent with this opinion.